U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 3 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 2:06 CV 2046 |
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE AND CASUALTY COMPANY AND ENOS DERBONNE, JR. | : | MAGISTRATE JUDGE WILSON |

MEMORANDUM RULING

Presently before the court are the defendant's objections to the Report and Recommendation issued by the Magistrate Judge in which he suggests that the plaintiff's Motion to Remand be granted. In light of these objections, this court has conducted a *de novo* review of the record.

28 U.S.C. § 1441(b) provides that a case filed in a state court is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, a removing plaintiff must demonstrate that all defendants in the case are completely diverse from the plaintiffs, and that none of the defendants are citizens of the state in which the action was filed. On its face, the Cameron Parish School Board's ("CPSB") Petition for Damages fails to meet the standard of Section 1441(b). Derbonne is not diverse from the plaintiffs, as he is a citizen of Louisiana, where the action was filed.

The defendants allege that Derbonne was joined solely to defeat federal diversity jurisdiction. District courts have a duty to inquire whether parties are improperly or collusively joined, either to create diversity jurisdiction or to destroy jurisdiction.[1] The Fifth Circuit has recognized two ways

---

[1] *Smallwood v. Illinois Central Railroad* Co., 385 F.3d 568, 572-73 (5th Cir.2004).

in which a party may be improperly or fraudulently joined: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[2]

The case at bar concerns the second method of improper joinder. Under this method, joinder is improper if "there is no reasonable basis for the district court to predict that the plaintiff might able to recover against an in-state defendant."[3] The district court generally conducts a Rule 12(b)(6)-type analysis to determine whether the plaintiff has stated a cause of action against the in-state defendant.[4] In rare cases involving defective allegations in pleadings, a district court may pierce the pleadings and conduct a summary-judgment type inquiry.[5] Also, "the party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[6] When considering improper joinder, any contested issue of fact and any ambiguity of state law must be resolved in the plaintiff's favor.[7]

CPSB contends that Derbonne was properly joined because there are several negligence based claims alleged against Derbonne under Louisiana law.[8] The defendants argue that the plaintiff cannot establish a cause of action against Derbonne because the plaintiff cites no authority for the

---

[2] *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir.2003)).

[3] *Smallwood*, 385 F.3d at 573.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 574.

[7] *Travis*, 326 F.3d at 649.

[8] The Plaintiffs are bringing a failure to procure coverage claim, a negligent misrepresentation claim and a claim for violation of a fiduciary duty against Nolan.

2

proposition that an insurance agent owes a duty to advise the client of the *option of excess coverage*. The defendants cite to authority that an insurance agent does not have a duty to advise a client to carry higher liability limits or purchase an umbrella policy.[9]

The plaintiff alleges that the defendants had been CPSB's insurance agents for a number of years prior to Hurricane Rita (Petition ¶6); that the defendants provided the maximum amount of insurance allowed under the National Flood Insurance Act ("NFIA")(Petition ¶12)[10]; that the defendant knew the coverage was insufficient (Petition ¶13); the defendants knew that the plaintiff wanted to maximize its flood coverage for these properties given the location and vulnerability of the properties (Petition ¶14); and the defendants never advised the plaintiff that excess flood coverage was available. The plaintiff alleges that the defendants had a duty to use their expertise and professionalism in providing service to the plaintiff.

Under Louisiana law, an insurance agent has a fiduciary duty to the insured, and is liable for his own fault or neglect.[11] A plaintiff must prove three elements to demonstrate the agent's liability: 1) an undertaking or agreement by the broker to procure insurance; 2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and 3) actions by the agent warranting the client's assumption

---

[9] *Graves v. State Farm Mut. Auto. Ins. Co.*, 821 So.2d 769, 772-724 (La.Ct.App.2002).

[10] The coverage was for a total of $8 million, when the value of the properties were in excess of $26 million.

[11] *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir.1990).

3

that the client was properly insured.[12]

The plaintiff alleges that there was an undertaking or agreement by Derbonne to secure flood insurance. There is no dispute that he secured the maximum flood insurance under NFIA. The plaintiffs did not allege an agreement to secure excess flood insurance from a source other than the company he represents, State Farm. The plaintiff has not established a duty under state or federal law that requires an insurance agent to ascertain whether the CPSB is underinsured or to advise them about a product that he does not carry. CPSB knew that the value of its property was in excess of $26 million and they knew that they were covered for only $8 million in loss due to flood. It was obvious that this coverage was not sufficient, but there is no allegation that CPSB asked Derbonne to investigate the availability of excess coverage. The CPSB was "in a far better position than [their agent] to know that their property was worth more than the coverage limits that they selected."[13] The *Karam* elements have not been pleaded by CPSB.[14]

---

[12] *Id.* (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La.1973)).

[13] *Jones v. State Farm Fire & Cas. Ins. Co.*, 2007 WL 29068, *2 (E.D.La.,2007).

[14] Several judges in the Eastern District of Louisiana, dealing with Hurricane Katrina cases, have held that there is no standing duty for an agent to advise an insured about the availability of private flood insurance in excess of the amount available under NFIA. They have also denied remand finding that there is no reasonable basis to predict that Louisiana law might impose liability on insurance agents in cases where the plaintiffs did not allege that they requested a specific type or amount of coverage. *See e.g., Dobson, et al. v. Allstate Ins. Co., et al.*, 2006 WL 2078423, *10 (E.D. La. 7/21/06)(Vance, J.); *Parker v. Lexington Ins. Co., et al.*, 2006 WL 3328041 (E.D. La. 11/15/06)(Zainey, J.); *Frischhertz v. Lexington Ins. Co.*, 2006 WL 3228385 (E.D. La. 11/03/06)(Barbier, J.); *Whitehead v. State Farm Ins. Co., et al.*, 2006 WL 3747520 (E.D. La. 12/15/06)(Berrigan, C.J.); *Jones v. State Farm Fire & Cas. Ins. Co.*, 2007 WL 29068 (E.D. La. 01/02/2007)(Feldman, J.); *Birdsall v. State Farm Fire and Cas. Ins. Co. and Sidney J. Goodreaux Ins. Agency*, No. 06-9471, Rec. Doc. 10 (E.D.

The defendants also argue that the plaintiff's claims against Derbonne are time-barred under Louisiana law. The evidence demonstrates that State Farm's policy was initially issued in 1994 and that coverage was increased in 1997 to the maximum coverage under NFIA. If there were any misconduct on the part of Derbonne, the alleged misconduct occurred in 1997 when he sold plaintiffs the policy at the limit of coverage under NFIA without advising the plaintiff of the availability of excess coverage from other sources. There are no allegations in the petition of any subsequent misrepresentations in connection with renewals. Accordingly, the renewals did not operate to restart preemption.[15] The plaintiff's affidavit in support of remand states that the plaintiff met with Derbonne in 2005 and that Derbonne advised CPSB to purchase federal flood insurance for two additional properties, but did not advise the plaintiff of "the availability of flood insurance to increase, our flood coverage on flood covered schools." Based on the allegations of plaintiff's Petition for Damages, its claims are preempted. CPSB's claims are barred by the three-year preemption of La.Rev.Stat. § 9:5606.

The plaintiff requested attorney's fees in its memorandum in support of its motion to remand. Absent unusual circumstances, courts may award attorney's fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking

---

      La. 2/06/2007).

[15]   *See Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La.Ct.App.2004) (preemptive period ran from the date of purchase because the renewal process did not afford the insurance agent the opportunity to make further misrepresentations about the policy); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d 377, 382-83 (La.Ct.App.2003)(same).

removal; conversely, when an objectively reasonable basis exists, fees should be denied.[16] CPSB's Motion has not been granted and they are not entitled to attorneys fees.

## Conclusion

Derbonne is improperly joined because the plaintiff has not alleged a cause of action against him. Additionally, the plaintiff's claims against Derbonne are time-barred. Accordingly, the defendants' objections to the Magistrate's Report and Recommendation are sustained and the plaintiff's motion to remand will be denied.

Lake Charles, Louisiana, this 29 day of October, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[16] AMJUR FEDCOURTS § 1494; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Contractors that were to install a digital control system at a nuclear power plant had an objectively reasonable basis for removing to federal court, on the basis of diversity jurisdiction, an action brought against them by diverse owners of the plant and the nondiverse corporation that operated the plant, and thus the corporation was not entitled to an award of attorney's fees and costs upon remand of the case to state court, since there was some clear authority from other jurisdictions that fraudulent joinder could apply to plaintiffs, such that contractors made an objectively reasonable attempt to extend the law when they argued that the corporation was a fraudulently joined plaintiff. *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081 (D. Kan. 2006).