U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAY 19 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 06-2046 |
| | : | JUDGE MINALDI |
| STATE FARM FIRE AND CASUALTY COMPANY AND ENOS DERBONNE, JR. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion to Dismiss Petition, pursuant to Federal Rule Civil Procedure 12(c), filed by defendant State Farm Fire and Casualty Insurance (hereinafter "State Farm") [doc. 42]. Plaintiff Cameron Parish School Board (hereinafter "CPSB") filed an Opposition [doc. 51]. State Farm filed a Reply [doc. 52].

### FACTS

On September 26, 2006, CPSB filed suit against State Farm and CPSB's State Farm agent, Enos Derbonne, in the 38th Judicial District Court.[1] State Farm was CPSB's insurer for six schools and the central school board office when Hurricane Rita struck.[2] State Farm provided CPSB with flood insurance for $8 million, the maximum available through the National Flood Insurance Act (hereinafter "NFIA").[3] CPSB's properties were allegedly valued in excess of $26

---

[1] Compl. [doc. 1].

[2] *Id.* ¶¶ 6-7.

[3] *Id.* ¶ 12.

1

million.[4]

In its Complaint, CPSB alleges that State Farm knew CPSB's flood insurance was insufficient, that State Farm knew CPSB wanted to maximize its flood insurance, and that State Farm did not tell CPSB additional flood insurance could be purchased outside of the NFIA and with another company.[5] CPSB further alleges that State Farm had a duty to tell CPSB of its insufficient flood coverage and recommend additional coverage.[6]

State Farm removed the suit to this Court. On October 30, 2007, CPSB's Motion to Remand was denied.[7] Evaluating CPSB's claim against Derbonne, the non-diverse defendant, the Court conducted a Rule 12(b)(6)-type inquiry.[8] The Court found that CPSB had not "established a duty under state or federal law that requires an insurance agent to ascertain whether the CPSB is underinsured or to advise" about the option of excess coverage.[9] The Court also found that the claims against Derbonne were time-barred.[10]

## FEDERAL RULE CIVIL PROCEDURE 12(c)

A party moves for judgment on the pleadings after the pleadings are closed pursuant to Rule 12(c). FED. R. CIV. P. 12(c). These motions are evaluated in the same manner as motions

---

[4] Pl.'s Memorandum in Opposition to Def.'s Mot. to Dismiss, at 2 [doc. 51].

[5] Compl. ¶¶ 14-15.

[6] *Id.* ¶ 17.

[7] Mem. Ruling (Oct. 30, 2007) [doc. 34].

[8] *Id.* at 2.

[9] *Id.* at 4.

[10] *Id.* at 5. Derbonne was dismissed from this suit on March 19, 2008. Order [doc. 39].

filed pursuant to Rule 12(b)(6), which challenge the sufficiency of a plaintiff's allegations. Baicker-McKee et al. FEDERAL CIVIL RULES HANDBOOK 389 (2008). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006). Plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. A court should only grant a motion to dismiss when the plaintiff would not be entitled to relief under any set of facts the plaintiff could prove consistent with the complaint. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

## ANALYSIS

### A.) Breach of Duty

State Farm moves for dismissal because it argues that, even if all of CPSB's allegations are true, there is no affirmative duty under federal or state law requiring insurers to advise and/or provide access to excess flood coverage. CPSB opposes dismissal because it argues State Farm had a duty to advise CPSB it was underinsured and that CPSB could purchase additional flood protection through another insurance company outside of the NFIP.[11]

In Louisiana, an insurance agent has a fiduciary duty to the insured. *Offshore Prod.*

---

[11] CPSB concedes that it purchased the maximum amount of flood insurance available through the NFIP. CPSB also concedes that State Farm did not have a duty to advise of excess coverage under the Write Your Own federal program, and thus all of CPSB's claims arise under state law. Pl.'s Memorandum in Opposition to Def.'s Mot. to Dismiss, at 6 [doc. 51].

3

*Contractors Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990). To recover, the insured must demonstrate: 1.) the insurance agent agreed to procure insurance; 2.) the agent failed to use reasonable diligence in attempting to procure the insurance and failed to notify the client promptly that the agent did not obtain insurance; and 3.) the agent acted in such a way that the client could assume he was insured. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973).

Following *Karam*, there are two types of cases in which insureds state a valid claim against their agents. *See Parker v. Lexington Ins. Co.*, 2006 WL 3328041, *3 (E.D. La. 11/15/06). The first arises when the agent negligently fails to obtain the coverage the insured requests. *Id.* The second arises when the agent owes a duty to inform the insured of insurance developments like changes in the federal flood policy. *Id.* (noting that this duty only arises when the advice pertains to something about which the agent has "superior knowledge given his insurance expertise," and where such knowledge is not generally held by a lay person).

In the aftermath of Hurricanes Katrina and Rita, Louisiana federal district courts have considered whether insurance agents have an affirmative duty to inform an insured about the availability of flood coverage in excess of the NFIP limits, and whether insurance agents have an independent duty to spontaneously identify their clients' needs and advise them as to whether they are underinsured. The resounding conclusion is that such duties do not exist under Louisiana law.

In *Dobson et al. v. Allstate*, the plaintiffs alleged that their insurance agents failed to tell them that they were underinsured. 2006 WL 2078423, * 9 (E.D. La. 7/21/06). The plaintiffs did not allege that they specifically inquired about a particular type or amount of coverage, but

admitted they relied upon their agents to obtain an adequate type and amount of coverage. *Id.* The court found that the agents had no duty "to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Id.*, at *10; *see also Parker*, 2006 WL 3328041, *4.

In *Whitehead v. State Farm Ins. Co.*, the court also noted that there are no Louisiana cases that impose a duty on an agent to identify a client's needs and advise the client that he is underinsured or does not have the proper type of insurance. 2006 WL 3747520, * 2 (E.D. La. 12/15/05) (observing that an agent would, however, have had a duty if the plaintiffs requested a specific type or amount of insurance that the agent failed to provide). Furthermore, the "client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy." *Frischhertz v. Lexington Ins. Co.*, 2006 WL 3228385, *2 (E.D. La. 11/3/06).

CPSB relies upon *Roby v. State Farm Fire & Casualty Co.* as requiring an "agent to advise an insured of needed flood protection even if the insured does not directly request the flood insurance." 464 F. Supp.2d 572, 579 (E.D. La. 2006). *Roby* is distinguishable from this case because in *Roby*, the agent wrote a policy that excluded flood coverage without procuring flood insurance under the NFIP. *Id.* Here, CPSB's NFIP policy included flood coverage up to the federal maximums. The duty to advise of the need for flood insurance generally is different from the duty to assess whether the client is underinsured for floods and affirmatively point out coverage options beyond the NFIP.[12]

---

[12] State Farm argues that *Roby* is both distinguishable and wrongly decided. Because this Court finds *Roby* factually distinguishable, it will not consider whether it was wrongly decided.

In sum, agents do not have a duty to independently assess insureds' needs and recommend coverage. Similarly, agents do not have a duty to advise clients whether they are underinsured. Clients, not agents, are responsible for reading their policies and communicating their insurance needs. Because the duties under which CPSB sues are not recognized in Louisiana, CPSB has failed to state a claim for which relief can be granted.

### B.) Negligent Misrepresentation

State Farm argues that CPSB has failed to state a claim for negligent misrepresentation because CPSB's petition does not allege any facts establishing that State Farm made any negligent representations or omissions. CPSB argues that State Farm negligently misrepresented the available coverage by failing to disclose that CPSB could purchase additional flood coverage outside of the NFIP.

Negligent misrepresentation occurs when there is: 1.) a legal duty to provide correct information, 2.) breach, and 3.) damages that result from a justifiable reliance on the misrepresentation. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993). Parties must allege that they were provided with incorrect information to recover for negligent misrepresentation. *Commercial Nat'l Bank in Shreveport v. Audubon Meadow P'ship*, 566 So.2d 1136, 1139 (La. App. 2d Cir. 1990) (finding that the plaintiff failed to plead negligent misrepresentation because the plaintiff did not allege that the defendant provided incorrect information, but instead only alleged an absence of information). Like the plaintiff in *Commercial Nat'l Bank*, CPSB does not allege that State Farm provided incorrect information. Accordingly, CPSB has failed to state a claim for negligent misrepresentation.

### C.) Vicarious Liability

State Farm argues that CPSB fails to state a claim for vicarious liability because all claims against Derbonne are dismissed.[13] State Farm cites *Chagnard v. Cambre, et al.* for the proposition that, as a matter of law, State Farm cannot be vicariously liable because this Court found that CPSB failed to state a claim against Derbonne. 2007 WL 2229296, *3 (E.D. La. 8/1/07) (granting an insurance company's motion to dismiss because the court first found the plaintiff failed to state a claim against the insurance agent, and thus could not then state a claim for vicarious liability against the insurance company). State Farm also argues that Derbonne is an independent agent and not a State Farm employee, and thus State Farm is not vicariously liable for the actions of its agents. CPSB argues that State Farm is vicariously liable for Derbonne's conduct because Derbonne either had express, implied, or apparent authority.

This Court need not reach the issue of whether State Farm and Derbonne had an agency relationship. In the Memorandum Ruling denying CPSB's Motion to Remand, this Court held that CPSB failed to establish that Derbonne breached any duty to CPSB, and, furthermore, that CPSB's claims against Derbonne were time-barred. Because this Court has already found that CPSB failed to state a claim against Derbonne, who would be the agent assuming an agency relationship existed, it logically follows that CPSB cannot state a claim against State Farm under vicarious liability because there is no underlying negligence on Derbonne's part for which State Farm could be vicariously liable.

---

[13] *See* Mem. Ruling (Oct. 30, 2007) [doc. 34].

## CONCLUSION

Construing all factual allegations in favor of CPSB, as required under FED. R. CIV. P. 12(b)(6), this Court finds that CPSB has failed to state a claim against State Farm for which relief can be granted; accordingly,

IT IS ORDERED that State Farm's Motion to Dismiss, [doc. 42], is hereby GRANTED,

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this 19 day of May, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE